UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-465 |
| | ) |
| DORMAKABA USA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Thomas Castillo ("Castillo"), brings this action against Defendant Dormakaba USA, Inc., ("Defendant" or "Dormakaba") to vindicate rights as protected by the Americans With Disabilities Act ("ADA").

## PARTIES

2. Castillo resides within and is a citizen of the State of Alabama.

3. Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in Indianapolis, Marion County, Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and 42 U.S.C. § 1988.

5. Defendant is a covered entity and employer under the ADA as defined by 42 U.S.C. §12111(2) and (5).

6. Castillo satisfied the obligation to exhaust administrative remedies having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The

        EEOC issued a right-to-sue notice and Castillo now timely files suit.

7. Venue is proper in this Court and the Indianapolis Division thereof as Defendant is located in Marion County, Indiana, and the decision-makers for the employment actions alleged herein were located in an made their decisions in Marion County,

## FACTUAL ALLEGATIONS

8. Castillo is a former employee of Dormakaba, where he was employed as its Plant Manager for Respondent's Huntsville, Alabama production facility.

9. At all times relevant to this Charge, Castillo's work performance met or exceeded Dormakaba's reasonable expectations. Castillo was never issued any type of formal discipline and was routinely credited with turning around Dormakaba's Huntsville facility and regaining client trust.

10. In or about July 2021, a complaint regarding harassment and/or discrimination was brought to Castillo by an employee, Lynn Dupree. Ms. Dupree sent a resignation letter to both her boss, Mike Mehaffy, and to Castillo on a Friday in July. The following Monday, Castillo met with Ms. Dupree about her resignation, which he found as a surprise due to the fact that Ms. Dupree was a stellar inside sales representative who was slotted to receive recognition and a financial reward. During this meeting, Ms. Dupree detailed that she suffered from a mental disability including an anxiety disorder. Ms. Dupree also stated that working for Mike Mehaffy exacerbated her condition, that Mehaffy was aware of this, and Mehaffy was causing her to work in a hostile environment because of it.

11. Soon after the meeting concluded, Castillo reported what he believed was harassment and/or discrimination based upon Ms. Dupree's disability to Dormakaba's human

resources manager, Lynne Simons. Ms. Simons then conducted an investigation into Mike Mehaffy's treatment of Ms. Dupree. Additional human resources personnel were made aware of the existence of the investigation including Kevin Ayers (VP, HR Dormakaba) and Heather Shaw (HR Sales). Additionally, Castillo discussed the situation with Mike Mehaffy's boss, Mike Burrt (AVP Sale).

12. As Respondent's Plant Manager, Castillo, along with Ms. Simons, met with Mike Mehaffy as part of the investigation. During this meeting, Mike Mehaffy stated that he was 50+ years old and would not change. He also laid blame for the discrimination / harassment at the feet of the victim, Ms. Dupree.

13. Shortly thereafter, Ms. Simons stated to Castillo that she had a conversation with Mr. Ayers regarding the discrimination / harassment of Ms. Dupree by Mike Mehaffy and learned Mehaffy had prior harassment complaints lodged against him, that the company had taken no action in the past, and would not be doing so with the current complaint.

14. Castillo then reported the situation, the investigation, and Mike Mehaffy's bad acts to his direct supervisor, Duke Brannum (VP operations). During this report, Castillo informed Mr. Brannum that Ms. Dupree, in his opinion, had a viable claim against the company for discrimination / harassment and would prevail should she press it.

15. Ms. Dupree was moved to a different part of the organization that was not under Mike Mehaffy's supervision.

16. Later, Ms. Dupree reported that she had overheard Mike Mehaffy talking with her new boss, Michael Stablein. During the brief time that Ms. Dupree heard the conversation, Mike Mehaffy referred to her by name and stated that she was Mr. Stablein's problem

17. now.  Ms. Dupree then reported this to Castillo and Ms. Simons.

17. On or about Monday, August 2, 2021, and after working both Saturday and Sunday prior, Castillo was informed that his position as Plant Manager was being eliminated due to a reorganization.

18. Less than 10 days after terminating Castillo due to his position being allegedly eliminated, Dormakaba posted advertisements for the Plant Manager position at its Huntsville, Alabama location.  These advertisements clearly demonstrate that Castillo's Plant Manager position was not, in fact, eliminated, but that the supposed reason for Castillo's termination was pretextual.

## COUNT I

### Retaliation – ADA

19. Castillo hereby realleges and incorporates paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Castillo engaged in protected activity under the ADA by because he participated in an investigation concerning Ms. Dupree's rights under the ADA and/or aided or encouraged Ms. Dupree in asserting her rights as protected by the ADA. 42 U.S.C. § 12203(a)-(b).

21. Dormakaba took adverse employment actions and discriminated in terms and conditions of employment against Castillo in retaliation for such protected activity.

22. Castillo has been damaged as a result of Defendant's conduct.

23. Wherefore Castillo requests relief as set forth below.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Thomas Castillo, by counsel, respectfully requests that the Court find in Castillo's favor and order that:

1. Defendant reinstate Castillo to the same position, salary, and seniority, or pay front pay and benefits to in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Castillo;

3. Defendant pay pre- and post-judgment interest to Castillo;

4. Defendant pay Castillo's attorneys' fees and costs incurred in litigating the action; and

5. Defendant pay to Castillo any and all other legal and/or equitable damages that the Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email:           jhaskin@jhaskinlaw.com
Email:           plogan@jhaskinlaw.com
Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed triable.

                                        Respectfully submitted,

                                        John H. Haskin (7576-49)
                                        Paul A. Logan (17661-02)
                                        JOHN H. HASKIN & ASSOCIATES
                                        255 North Alabama Street, 2nd Floor
                                        Indianapolis, Indiana  46204
                                        Telephone:   (317)955-9500
                                        Facsimile:    (317)955-2570
                                        Email:         jhaskin@jhaskinlaw.com
                                        Email:         plogan@jhaskinlaw.com
                                        Counsel for Plaintiff